Berger, Fischoff, Shumer, Wexler & Goodman, LLP
6901 Jericho Turnpike, Suite 230
Syosset, NY 11791
(516) 747-1136
Counsel to Debtors
Heath S. Berger, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

MARK BOURNE                                                                          Chapter 11
                                                                                                    Case No. 17-42044
                                            Debtor.
------------------------------------------------------------X

## DEBTOR MARK BOURNE'S PLAN OF REORGANIZATION

     Mark Bourne (the "Debtor") and Debtor-in-Possession, propose the following Plan of Reorganization (the "Plan") pursuant to Chapter 11 of the Bankruptcy Code, 11 U.S.C. Section 101 et. seq.

1.    **DEFINITIONS**

For purposes of this Plan, the following terms shall have the respective meanings as hereinafter set forth (such meanings to be equally applicable to the singular and plural forms of the terms defined, unless the context otherwise requires)

1)    Administration or administrative claim or claims - Any cost or expense of administration of the Chapter 11 case allowed under Section 503(b) of the Bankruptcy Code, including without limitation, any actual and necessary expenses of operating the business of the Debtor, and all allowances of compensation or reimbursement of expenses for legal or other professional services to the extent allowed by the Bankruptcy Court under Sections 327, 330, 331 and 503 of the Bankruptcy Code.

1.2)    Allowed administrative or administration claim or claims - All or that portion of any administrative or administration claim which is an allowed claim.

1.3)    Allowed Claim - Any claim or portion of a claim (a) which is scheduled by the Debtors pursuant to Sections 521(1) and 1106(a)(2) of the Bankruptcy Code (other than a disputed claim); or (b) proof of which had been timely filed with the Bankruptcy Court pursuant to Section 501(a) of the Bankruptcy Code or on or before the date designated by the Court as the last date for filing Proofs of Claim, and with respect to which no objection to the allowance

1

thereof has been interposed within the applicable period of limitation fixed by the Bankruptcy Code, Bankruptcy Rules or by an Order of the Court; or (c) which, after objection thereto, has been allowed in whole or in part by a Final Order.

1.4)    Allowed Priority Claim - All or that portion of an allowed claim entitled to priority under Sections 507(a)(3), (4), (6) and (8) of the Bankruptcy Code. Except as may be allowed by the Court in the case of an Allowed Priority Claim under Section 507(a)(8) of the Bankruptcy Code, any interest on such claim which accrued after the filing date, shall be part of the allowed priority claim.

1.5)    Allowed Secured Claim - All or that portion of any allowed claim that is secured by a valid enforceable lien on the property of the Debtors, to the extent of the value of such property, as determined by agreement between the Debtors and the holder of such allowed secured claim or by the Court by a Final Order pursuant to Section 506 of the Bankruptcy Code.

1.6)    Allowed Unsecured Claim - Any allowed claim that is not an allowed administrative claim, an allowed priority claim or an allowed secured claim.

1.7)    Bankruptcy Code - The Bankruptcy Reform Act of 1978 (11 U.S.C. Sections 101, et. seq.), as amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984 (P.L. No. 98-353) and, as applicable to cases filed before its enactment, the Bankruptcy Reform Act of 1994 (P.L. 103-394) and Title 11 of the United States Code, as amended.

1.8)    Bankruptcy Rules - The Federal Rules of Bankruptcy Procedure as applicable to cases under Title 11 of the United States Code.

1.9)    Business day - Any day other than a Saturday, Sunday or legal holiday as such term is defined in Bankruptcy Rule 9006.

1.12)   Chapter 11 - Chapter 11 of the Bankruptcy Code.

1.11)   Chapter 11 case - *In re: Mark Bourne* Case No. 17-42044

1.12)   Claim - A claim against the Debtors as defined in Section 101(5) of the Bankruptcy Code.

1.13)   Claimant - The holder of a claim.

1.14)   Class - A class of holders of Allowed Claims described in section 2 of this Plan

1.15)   Confirmation - Entry of an order by the Court approving the Plan in accordance with Chapter 11.

1.16) <u>Confirmation date</u> - The date upon which the Court enters an order confirming the Plan pursuant to Section 1129 of the Bankruptcy Code.

1.17) <u>Confirmation order</u> - The order entered by the Court confirming the Plan in accordance with Chapter 11.

1.18) <u>Court</u> - The United States Bankruptcy Court for the Eastern District of New York or such other court as may have jurisdiction over the Debtors Chapter 11 cases.

1.19) <u>Creditor</u> - Any person having a claim against the Debtors that arose on or before the Petition Date or a claim against the Debtors estate of a kind specified in Sections 502(g), (h) or (I) of the Bankruptcy Code.

1.20) <u>Debtor</u> – Mark Bourne

1.21) <u>Disallowed claim</u> - Any claim or portion thereof that has been disallowed by the Court by a Final Order.

1.22) <u>Disputed scheduled claim</u> - (a) any Claim or portion of a Claim (other than an Allowed Claim) which is scheduled by the Debtor as disputed, contingent or unliquidated.

1.23) <u>Disputed claim</u>- A Claim which has been filed pursuant to Section 501(a) of the Bankruptcy Code as unliquidated or contingent; or a Claim which has been filed pursuant to Section 501(a) of the Bankruptcy Code and as to which an objection to the allowance thereof has been interposed within the time limitation by the Bankruptcy Code and Bankruptcy Rules by an Order of the Court, or by this Plan, which objection has not been determined, in whole or in part by a Final Order.

1.24) <u>Distribution date</u> - Shall refer to the date of the initial distribution which shall occur within twenty (20) days of the Effective Date of the Plan.

1.25) <u>Effective Date of the Plan</u> - The date on which the confirmation order becomes a final order.

1.26) <u>Entity</u> - Defined at Section 101 (14) of the Bankruptcy Code.

1.27) <u>Final Order</u> - An order or judgment as to which order or judgment (or any revision, modification or amendment thereof) (a) the time to appeal has expired and as to which no appeal has been filed, or (b) an order or judgment which has been appealed, has been affirmed on appeal and as to which appeal the time for further appeal has expired.

1.28) <u>Insider</u> - As defined at Section 101(31) of the Bankruptcy Code.

1.29)   Petition Date – April 26, 2017 – the date the Debtor filed his petition for relief from creditors pursuant to Chapter 13 of Title 11 of the United States Code. Thereafter, on June 8, 2017, a motion to convert the case from Chapter 13 to Chapter 11 was filed. On July 11, 2017, the motion was conditionally approved, pending the filing of schedules.

1.30)   Plan - This Chapter 11 Plan of Reorganization as modified or amended from time to time as and to the extent permitted herein or by Bankruptcy Code.

1.31)   Professional person - As defined at Section 327(a) of the Bankruptcy Code.

1.32)   Property - shall refer to the Debtors property as listed in its Schedules to its Bankruptcy Petition.

1.33)   Reorganized Debtor - The Debtor after Confirmation.

1.34)   Reserve fund - Shall be a fund which shall be established by the Debtor after the confirmation date, which shall be equal to a sum sufficient to pay (i) disputed claims which would have been paid under the Plan but for the dispute as either claimed by the creditor or determined by the Court; and (ii) estimated fees of the Debtor's counsel and accountants, which will be incurred subsequent to the confirmation date.

1.35)   Vendors- This includes all persons who have supplied the Debtor with goods or services after the petition date.

## 2.    CLASSIFICATION OF CLAIMS AND INTERESTS

2.1)    Unclassified Claims - This includes the statutory fees due the Office of United States Trustee pursuant to 28 U.S.C. 1930(b), and interest if applicable. It also includes any statutory fees due the Clerk of the Court.

2.2)    The allowed classified claims against the Debtors are divided into the following classes:

      Class 1- Secured Claims of Mortgage Holders on Real Property

      Class 2 – Priority Tax Claims

      Class 3 – Allowed General Unsecured Claims

3. **TREATMENT OF CLAIMS**

    3.1) **ADMINISTRATION CLAIMS**

    Upon the Distribution Date, or as soon thereafter as is practicable (and if such claim is for professional fees or expenses, upon determination by the Court that such fees are reasonable and allowable) each holder of an Allowed Administration Claim shall be paid in cash in full in amount equal to 100% of each such Allowed Claim. It is estimated that by the Confirmation Date, the Debtors will owe approximately $30,000.00 in legal fees less the pre-petition retainer of $12,183.00. The claim of Berger, Fischoff, Shumer, Wexler & Goodman, LLP will be paid upon approval of an application to the Court for allowance of legal fees and expenses.

    3.2) **CLASS 1 – SECURED CLAIM OF MORTGAGE HOLDERS ON REAL PROPERTY**

    This class consists of the following secured claims:

| Property Address | Mortgage | Arrears |
|---|---|---|
| 1497 East 96th Street Brooklyn, New York 11236 | Shellpoint | $233,954.52 |
| 1487 East 96th Street Brooklyn, New York 11236 | Bank of NY Mellon | $162,329.90 |
| 1517 Pine Cone Lane NW Conyers, GA 30012 | Ditech | $166.87 |
| 5286 Kinsdale, Lane Stone Mountain, GA 30088 | Select Portfolio | $30.81 |
| 4153 Indian Manor Drive Stone Mountain, GA 30088 | Bank of New York c/o SLS | $1,047.17 |
| 1495 East 96th Street Brooklyn, New York 11236 | Fannie Mae | $117,655.37 |
| 1088 Nimblewood Way Stone Mountain, GA 30088 | Ocwen | $465.80 |

    Shellpoint holds a secured claim against the Debtor's real property located at 1497 East 96th Street, Brooklyn, New York. The Debtor will immediately retain a broker to sell the collateral in order to pay the bank in full satisfaction of its claim.

    Fannie Mae holds a secured claim against the Debtor's real property located at 1495 East 96th Street, Brooklyn, New York. The Debtor will immediately retain a broker to sell the collateral in order to pay the bank in full satisfaction of its claim.

This class will be paid $3,000.00 per month in sixty (60) equal consecutive monthly payments. The first payment will be made twenty (20) days after the effective date of the plan and then thirty (30) days thereafter for fifty-nine (59) additional months.

This class is impaired and are entitled to vote pursuant to Section 1126(f) of the Bankruptcy Code.

### CLASS 2- §507(a0(8) PRIORITY TAX CLAIMS

NYS Dept. of Taxation & Finance    $2,634.48
Internal Revenue Service            $4,596.85

This class will be paid in full upon entry of the final decree.

This class is not impaired because they are being paid in full.

### CLASS 3 – ALLOWED GENERAL UNSECURED CLAIMS

This Class consist of three holders of allowed general unsecured claims. This class totals approximately $15,470.53. This class will be paid in full in twenty-four (24) equal, consecutive, monthly payments of $645.00, commencing ninety (90) days after the Effective Date and continuing twenty (20) days thereafter for twenty-three (23) additional monthly payments.

The general unsecured creditors are impaired pursuant to Section 1124 of the Bankruptcy Code because they are being paid over time and are entitled to vote pursuant to Section 1126 of the Bankruptcy Code.

4. **MEANS OF EFFECTUATING THE PLAN**

   4.1) The plan shall be effectuated from the Debtor's regular income as an independent courier and rental income. The Debtor believes he will have sufficient income to meet his obligations under the plan.

5. **CLAIMS IMPAIRED BY THE PLAN**

   5.1) The claims in Class 1 and 3 are impaired and entitled to vote upon the Plan.

6. **VOTING AND ACCEPTANCE**

   6.1) All members of impaired classes which hold Allowed Claims shall be entitled to vote. A class will have accepted the Plan if more than one half the number of members voting accepts the Plan and more than 2/3 of the total dollar amount voting accepts the Plan.

If no ballots are cast by any members of a particular class entitled to vote, then that class will be deemed to have accepted the Plan.

7. **PROVISIONS CONCERNING DISTRIBUTIONS**

7.1) <u>Manner of payments under the Plan</u>. Payments to be made pursuant to the Plan shall be made by check drawn on a domestic bank. The Reorganized Debtors shall act as the Distributing Agents on all distributions.

7.2) <u>Rounding to the nearest dollar</u>. Any other provision of the Plan to the contrary withstanding, no payments of portions of a dollar will be made. Whenever any payment of a portion of a dollar would otherwise be called for, the actual payment shall reflect a rounding of such fraction to the nearest whole dollar (up or down).

7.3) <u>Unclaimed cash</u>. Except as otherwise provided herein, in the event any claimant fails to claim any cash within ninety (90) days from the date such cash is distributed, such claimant shall forfeit all rights thereof, and to any and all future payments, and thereafter the claim for which such cash was distributed shall be treated as a Disallowed Claim. In this regard, distributions to claimants entitled thereto shall be sent to its last known address set forth on a proof of claim filed with the Court or, if no proof of claim is filed, on the schedules filed by the Debtors, or to such other address as may be designated by a claimant in a writing delivered to the Debtors, with a copy to the Debtors counsel at least one week prior to the distribution. All unclaimed cash shall become the property of the Debtors.

7.4) <u>Distributed payments or distribution</u>. In the event of any dispute between and among claimants (including the entity or entities asserting the right to receive the disputed payment or distribution) as to the right of any entity to receive or retain any payment or distribution to be made to such entity under the Plan, they may, in lieu of making such payment or distribution to such entity, make it instead into an escrow account or to a disbursing agent, for payment or distribution as ordered by a court of competent jurisdiction or as the interested parties to such dispute may otherwise agree among themselves.

7.5) <u>Full and Final Satisfaction.</u> All payments, distributions and transfers of cash or property under the Plan are in full and final satisfaction, settlement and release of all claims against the Debtors and the estate of any nature whatsoever existing at the confirmation date. Except as otherwise provided in the Plan, the Confirmation Order or such other order of the Bankruptcy Court that may be applicable, on the latest to occur of (a) the Effective Date, (b) the entry of a Final Order resolving all Claims in the Chapter 11 Case and (c)the final distribution made to holders of Allowed Claims in accordance with the Plan, all Claims against the Debtors and Debtors in Possession, shall be discharged and released in full; provided, however, that, the Bankruptcy Court may, upon request by the Reorganized Debtors, and notice and a hearing, enter an order setting forth that such Claims shall be deemed discharged and released on such earlier date as determined by the Bankruptcy Court. All Persons and Entities shall be precluded from asserting against the Debtors, the

Debtors in Possession, its successors or assigns, including, without limitation, the Reorganized Debtors, or its respective assets, properties or interests in property, any other or further Claims based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Confirmation Date, whether or not the facts or legal basis therefore were known or existed prior to the Confirmation Date regardless of whether a proof of Claim was filed, whether the holder thereof voted to accept or reject the Plan or whether the Claim is an Allowed Claim. The plan does not reference any person who prior to the Petition Date executed a personal guarantee of a corporate obligation.

Except as otherwise expressly provided in the Plan, the Confirmation Order or such other order of the Bankruptcy Court that may be applicable, all Persons or Entities who have held, hold or may hold Claims or any other debt or liability that is discharged, terminated or cancelled pursuant to the Plan are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing in any manner any action or other proceeding of any kind on any such Claim or other debt or liability that is terminated or cancelled pursuant to the Plan against the Debtors, the Debtors in Possession or the Reorganized Debtors, the Debtors estate, or their respective properties or interests in properties, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against the Debtors, the Debtors in Possession or the Reorganized Debtors, the Debtors estate, or its respective properties or interests in properties, (c) creating, perfecting, or enforcing any encumbrance of any kind against the Debtors, the Debtors in Possession or the Reorganized Debtors, or against its respective property or interests in property, and (d) except to the extent provided, permitted or preserved by sections 553, 555, 556, 559 or 560 of the Bankruptcy Code or pursuant to the common law right of recoupment, asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from the Debtors, the Debtors in Possession or the Reorganized Debtors, or against its respective property or interests in property, with respect to any such Claim or other debt or liability that is discharged that is terminated or cancelled pursuant to the Plan.

Nothing in the Plan shall limit the liability of the Debtors or any of its agents, assigns, or professionals for acts of gross negligence, willful misconduct, breach of fiduciary duty, criminal conduct, and/or any disclosure of confidential information that causes damages.

Nothing in the Plan shall limit the liability of any professionals retained by the Debtors to their respective clients, including pursuant to Rule 1.8(h)(1) of the New York Rules of Professional Conduct.

Nothing in this Plan shall effect a release of any claim by the United States Government or any of its agencies or any state and local authority whatsoever, including, without limitation, any claim arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state and local authority against the Debtors or any Debtors respective members, shareholders, officers, directors, employees, attorneys, advisors, agents, representatives, and assigns (the "Released Parties"), nor shall anything in the Plan enjoin the United States or any state or local authority from bringing any claim, suit, action, or other proceedings against the Released Parties referred to herein

for any liability whatever, including without limitation, any claim, suit or action arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state and local authority, nor shall anything in this Plan exculpate any party from any liability to the United States Government or any of its agencies or any state and local authority whatsoever, including liabilities arising under the Internal Revenue Code, the environmental laws or any criminal laws of the Unites States or any state and local authority against the release Parties referred to herein.

      7.6)    Nothing in this Plan shall release any party from their duties and obligations under the Employee Retirement Security Act ("ERISA") of 1974, as amended or release any claim the PBGC or the Pension Plan may have relating to fiduciary breach

Notwithstanding anything to the contrary herein, if the Pension Plan has not been terminated prior to the entry of the Confirmation Order, all claims of, or with respect to, the Pension Plan (including any based on fiduciary duties under the Employee Retirement Income Security Act of 1974, as amended) and all Claims of the Pension Benefit Guaranty Corporation, whether or not contingent, under 29 U.S.C. §1362(b) for unfunded benefit liabilities, under 29 U.S.C. § 1306(a)(7) for termination premiums, under 29 U.S.C. § 1362(c) for due and unpaid employer contributions, and any liabilities incurred as a result of an audit or the Pension Plan's termination under 29 U.S.C. § 1341(b), shall not be discharged, released, exculpated or otherwise affected by the Plan, the entry of the Confirmation Order, or the Chapter 11 Case. Notwithstanding anything to the contrary herein, in the event that the Pension Plan does not terminate prior to the entry of the Confirmation Order, obligations of the Debtors under the Pension Plan as of the Effective Date shall become obligations of the applicable Reorganized Debtors and, as required by the Internal Revenue Code of 1986, as amended, or the Employee Retirement Income Security Act of 1974, as amended, the controlled group members.

**8.**     **<u>TREATMENT OF EXECUTORY CONTRACTS AND LEASES</u>**

      8.1)    There were no executory contracts or leases.

**9.**     **<u>PROCEDURES FOR RESOLVING DISPUTED CLAIMS</u>**

      9.1)    <u>The Time for Objections to Claims.</u>  Objections to Claims shall be filed by the Debtors with the Court and served upon each holder of each of the Claims to which objections are made not later than thirty (30) days after to the Confirmation Date or within such other time period as may be fixed by the Court.

      9.2.)    <u>Resolution of Disputed Claims</u>.  Unless otherwise ordered by the Court, the Debtors shall litigate to judgment, settle or withdraw objections to Disputed Claim, in its sole discretion, without notice to any party in interest.

      9.3)    <u>Payments</u>. Payments and distributions to each holder of a Disputed Claim that ultimately becomes an Allowed Claim by a Final Order of the Court shall be made in accordance with the Plan. Such payments and distributions shall be made within thirty (30) days after the

later of the Distribution date or the entry of a Final Order allowing such Claim. Payments made in accordance with this section shall not include interest on the amount of such payment.

## 10. DEFAULT

10.1) Failure of the Debtors to make the cash distributions required under the Plan to any and all creditors within 30 days of the Distribution date or failure of the Debtors to comply with any of the covenants or obligations contained in the Plan, which failure shall remain uncured for a period often (10) days after notice and an opportunity to cure, shall constitute a default under the Plan. The foregoing shall not be construed to prevent the implementation of any modification of the Plan, in accordance with the provisions of the Bankruptcy Code.

## 11. RETENTION OF JURISDICTION

11.1) The Court shall retain jurisdiction of this Chapter 11 case pursuant to and for the purposes set forth in Section 1127(b) of the Code and:

    (a)    to hear and determine all controversies concerning allowance of Claims;

    (b)    to determine any and all applications for compensation for Professional Persons and similar fees;

    (c)    to hear and determine any and all pending applications for the rejection or assumption or for the assumption and assignment, as the case may be, of executory contracts to which the Debtors are a party or with respect to which Debtors may be liable, and to hear and determine, and if need be to liquidate, any and all Claims arising therefrom;

    (d)    to determine any and all applications, adversary proceedings, and contested or litigated matters properly before the Court;

    (e)    to modify the Plan pursuant to Section 1127 of the Bankruptcy Code or to remedy any defect or omission or reconcile and inconsistency in the Confirmation Order to the extent authorized by the Bankruptcy Code;

    (f)    to hear and determine all controversies, suits and disputes, if any, as may arise in connection with the interpretation or enforcement of the plan;

    (g)    to hear and determine all controversies, suits and disputes, if any, as may arise with regard to orders of this Court in the Chapter 11 case entered on or before the Confirmation Date;

(h)      to hear and determine any and all controversies and disputes arising under, or in connection with, the Plan;

(i)      to adjudicate all controversies concerning the classification of any Claim or Stock Interest;

(j)      to liquidate damages in connection with any disputed, contingent or unliquidated Claims;

(k)      to adjudicate all Claims to a security or ownership interest in any property of the Debtors or in any proceeds thereof;

(l)      to adjudicate all claims or controversies arising out of any purchases, sales or contracts made or undertaken by the Debtors during the pendency of the Chapter 11 case;

(m)      to recover all assets and properties of the Debtors wherever located, including the prosecution and adjudication of all causes of action available to the Debtors as at the Confirmation Date;

(n)      to enter any order, including injunctions necessary to enforce the title, rights and powers of the Debtors and to impose such limitations, restrictions, terms and conditions on such title, rights and powers that the Court may deem necessary or appropriate;

(o)      to enter an order of Consummation concluding and terminating the Chapter 11 case;

(p)      to hear and determine adversary proceedings seeking the recovery of fraudulent conveyances, preferences or property or assets of the estate; and

(q)      to make such orders as are necessary or appropriate to carry out the provisions of the Plan, including but not limited to orders interpreting, clarifying or enforcing the provisions thereof;

## 12.    MISCELLANEOUS PROVISIONS

12.1)    <u>Payment Dates</u>. If any payment or act under the Plan is required to be made or falls on a date which shall be a Saturday, Sunday or legal holiday, then the making of such payment or the performance of such act may be completed on the next succeeding business day, but shall be deemed to have been completed as of the required date.

12.2) <u>Notices.</u> Any notice to be provided under the Plan shall be in writing and sent by certified mail, return receipt requested, postage pre-paid (with additional copy to Debtors counsel by telefax); or by hand delivery, addressed as follows:

To the Debtors:

Mark Bourne
1497 East 96th Street
Brooklyn, New York 11236

To the Debtors counsel:

Berger, Fischoff, Shumer, Wexler & Goodman, LLP
Attn: Heath S. Berger, Esq.
6901 Jericho Turnpike, Suite 230
Syosset, New York 11791
Fax No. (516)747-0382

All payments, notices and requests to Claimants, shall be sent to them at its last known address. The Debtors or any Claimant may designate in writing any other address for purposes of this section, which designation shall be effective upon receipt, which receipt shall be deemed to be on the third business day after mailing. Any payment required under the Plan shall be deemed to have been paid on the date when such payment is mailed.

12.3) <u>Professional Fees</u>. Following the Confirmation Date, the estate of the Debtors shall be responsible for payment, and shall pay reasonable compensation and reimbursement of expenses due to professionals retained by Debtor (the "Professionals"), for services rendered post-confirmation. Payment shall be made upon the submission of invoices, by the Professionals to the Debtors, within ten (10) days of receipt of the invoices, without approval or review by the Court, unless an objection is raised. In the event an objection is raised, then appropriate applications for reimbursement shall be made to the Court and paid upon order of the Court.

12.5) <u>Headings</u>. The headings used in the Plan are inserted for convenience only and are not to be deemed a substantive portion of the Plan nor in any manner are they to affect the provisions of the Plan.

12.6) <u>Severability</u>. Should any provision in the Plan be determined to be unenforceable, such determination shall in no way limit or affect the enforceability or operative effect of any and all other provisions of the Plan.

12.7) <u>Governing Law.</u> Except to the extent that the Bankruptcy Code is applicable, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of New York.

12.8) <u>Successors and Assigns.</u> The rights and obligations of any entity named or referred to in the Plan shall be binding upon and shall inure to the benefit of, the successors and assigns of such entity.

12.8) <u>Re-vesting of Property upon Confirmation.</u> Upon the confirmation of this Plan, the Debtors shall be re-vested with legal and equitable title to its property and the property of the estate.

Dated: Syosset, New York
       November 1{, 2018

**Mark Bourne**

_____
Mark Bourne


**Berger, Fischoff, Shumer, Wexler & Goodman, LLP**

By: _____
Heath S. Berger, Esq.
Attorneys for Debtor and Debtor-in-Possession
6901 Jericho Turnpike, Suite 230
Syosset, New York 11791
516-747-1136
hberger@bfslawfirm.com